

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL                        AUSTIN, TEXAS
ATTORNEY GENERAL


Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

> Opinion No. O-3901
> Re: Temporary registration of non-
>     resident motor vehicle

We have received your letter of recent date in which you request our opinion on certain questions arising out of the construction to be placed an Article 827b, Vernon's Penal Code. Said questions are quoted from your letter as follows:

"(1)  Does the definition of a non-resident control the non-resident in the total number of days, to-wit, 120 in the calendar year, that he is allowed to operate a vehicle upon Texas highways;

")2)  If the definition of a non-resident does control the non-resident in the total number of days that he is allowed to operate a motor vehicle upon Texas Highways, are the twenty-five days that are allowed under Section 3 included in the total 120 days, as set forth in the definition of a non-resident that are referred to in the last sentence of Sec. 4, which allows the owner or operator of a vehicle in this State a period not exceeding 120 days from date of issuance of said certificate to operate said vehicle?"

"Non-resident" is defined by Section 1 of Article 827b as follows:

"'Non-resident' means every resident of a state or country other than the State of Texas whose sojourn in this State, or whose occupation, or place of abode, or business in this State, if any, covers a total period of not more than one hundred and twenty days in the calendar year."

Section 3 of the article provides for the temporary registration of non-resident passenger cars within 25 days after the same are first operated in Texas, and Section 4 provides for the issuance of a temporary registration certificate to the owner of the automobile. Section 4 provides in part that "said certificate shall entitle the owner or operator of said vehicle to operate it in this State for a period <u>not exceeding one hundred and twenty days from date of issuance of said certificate.</u>" (Emphasis supplied)

You are interested in the situation where a non-resident is issued a certificate after he has been in this state for a period of several days.

Manifestly, if the "non-resident" remains in Texas for a total period of more than one hundred and twenty days out of the year, he does not come within the plain wording of the above-quoted definition of "non-resident." He therefore, would lose his non-resident status.

Is the effect of Section 4 an authorization to remain in Texas for a period longer than one hundred and twenty days? If so, Section 4 is at violence with the definition of "non-resident." But we are of the opinion that such is not the effect.

In Texas Jurisprudence, Volume 39, pages 2-9-212, it is said:

"Another fundamental rule requires that a statute be construed as a whole and that all of its parts be harmonized, if possible, as to give effect to the entire act according to the evident intention of the legislature. * * *"

"Each part of the statute is to be considered in connection with every other part and with the entire enactment in order to produce a harmonious whole and to reach the true legislative intent. Thus in case of doubt as to the meaning of a particular word, clause, provision or section, it is to be viewed in the light of all the language employed. It follows that a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, although it would be susceptible of such construction if standing alone."

We are of the opinion that Section 4 may be read in harmony with the definition of "non-resident." You will note the language used in Section 4 that the certificate will entitle the operator or owner to operate the vehicle in this state for a period "not exceeding" one hundred and twenty days from the date of issuance. It cannot be said that the Legislature after so clearly defining "non-resident" intended to nullify the definition by providing that the certificate would entitle the owner or operator to remain in Texas for more than one hundred and twenty days. The words "not exceeding" negative any such possible intention when read in conjuncture with the definition.

This provision was placed in Section 4 so that it would apply either where the application for temporary registration was made the first day that the non-resident vehicle arrived in Texas or where the registration was applied for several days after the "non-resident" came to Texas. The time covered by the certificate can in no event entitle the owner or operator to operate the vehicle for a period longer than 120 days from the time such owner or holder first arrived in Texas, for such a holding would be in contravention to the clear and unambiguous definition. However, by the use of the words "not exceeding" it is clear that the time covered by the certificate may be less than 120 days.

It follows that a non-resident may not remain in Texas for more than

120 days in a calendar year without losing his status as a non-resident, as defined by Section 1 of Article 827b. The certificate provided for in Section 4 can not cover a period of time greater than 120 days from the date that the "non-resident" arrived in Texas. For example, if the non-resident applied for temporary registration on the tenth day after he arrived in Texas, the certificate cannot entitle him to operate the car for more than 110 days in addition to this first ten days in Texas.

In the event the non-resident owner desires to remain in Texas for a period longer than 120 days, his vehicle must be duly registered in the State of Texas as any other Texas owned vehicle. Opinion O-981.

We quote further from your letter as follows:

"There have been many instances called to our attention whereby residents of the State of Louisiana, and other states, who reside out of the State of Texas, but who are employed in Texas, commute back and forth to their work in Texas from day to day in their vehicles, which said vehicles are not registered in accordance with Texas laws. Would this practice on the part of these non-residents make it compulsory upon them to register their vehicles in Texas, even though they do not permanently reside here, but at the same time are permanently earning their livelihood in this State? If necessary, when would it be incumbent upon one of these non-residents to register his vehicle in Texas, after first entering this state in his vehicle under the conditions above referred to?"

Your attention is directed to Section 5 of Article 827b (Vernon's Penal Code):

" * * * Provided that nothing in this Act shall prevent a non-resident owner of a motor vehicle from operating at will such vehicle in this State for the sole purpose of marketing farm products raised exclusively by him, nor a resident of an adjoining State or country from operating a privately owned and duly registered vehicle, nor operated for hire in this State at will, for the purpose of going to and from his place of regular employment and the making of trips for the purpose of purchasing goods, wares and merchandise." (Emphasis supplied).

Under this provision, therefore, if the residents of the State of Louisiana mentioned in your letter are operating privately owned and duly registered motor vehicles within the terms of the above quoted provisio, then the other terms of Article 827b do not apply.

We trust that the foregoing discussion answers the question in which you are interested.

APPROVED SEP 9, 1941                          Very truly yours,

/s/ GROVER SELLERS                      ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT                         By    Glenn R. Lewis
ATTORNEY GENERAL                                  Assistant

                                        By    George W. Sparks

APPROVED: OPINION COMMITTEE
BY B.WB. CHAIRMAN